UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cr-102 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| HAL FREDERICK BURFORD, | ) | [Re:  Motion at docket 38 ] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 38, plaintiff United States moved to strike the phrase "and 5 kilograms or more of a mixture and substance containing a detectible amount of methamphetamine" from Count 1 in the Indictment.  The motion was not opposed by defendant Burford.  The magistrate judge filed a report and recommendation at docket 63[1] in which he recommends that the motion be granted.  No objections were filed to the recommendation.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[2]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] A duplicate copy also appears at docket 64.

[2] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[3] and any findings of fact to which objections have been made.[4] Uncontested findings of fact are reviewed for clear error.[5]

### III.  DISCUSSION

The magistrate judge recommended that the motion be granted for one reason only–that it had not been opposed. Although in the circumstances here, it is fairly obvious why the motion was not opposed, this court is not content to accept that basis for granting the motion without some explanation.

As originally filed, Count 1 of the indictment charged defendant with attempted possession of methamphetamine with intent to distribute in violation of Sections 846 and 841(b)(1)(A) of Title 21 of the United States Code. Section 841(b)(1)(A) provides for a minimum ten-year term of imprisonment and an increased maximum penalty when the drug crime committed involves a quantity of controlled substance which exceeds one of several different thresholds set out in the statute depending on the type of controlled substance. Here, the United States is attempting to prove that defendant possessed methamphetamine with intent to distribute in a quantity large enough to constitute a violation of § 841(b)(1)(A). To do so, in Count 1 of the Indictment the United States charged in the conjunctive that Burford "did knowingly and intentionally attempt to possess with intent to distribute 50 grams or more of actual methamphetamine, and 5 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine, to wit on November 24, 2006, the defendant accepted a package containing methamphetamine . . . ."[6] Either 50 grams of actual methamphetamine or 5 kilograms of a mixture and substance containing methamphetamine is sufficient to violate § 841(b)(1)(A). Of course, the United States

---

[3]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[4]28 U.S.C. § 636(b)(1).

[5]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[6]Doc. 12 at p. 2.

-2-

may set out in the indictment more than one of the means by which the statute could have been violated.[7]

In the motion at docket 38, the United States advises that the total net weight of the controlled substance in the package turned out to be a bit less than 5 kilograms. Thus, the United States has elected to proceed on the basis of the allegation that the crime involved 50 grams or more of actual methamphetamine. Striking the reference to the 5 kilogram quantity simply removes one of the means by which Burford may have violated the statute. It leaves the charge of violation by the alternative means in place for resolution at trial. This is an appropriate course of action; indeed, the only appropriate course of action where it is known before trial that one of the originally charged means cannot be proved. Thus, the report from the magistrate judge, albeit lacking in explanation, does recommend the correct result.

## IV. CONCLUSION

For the reasons set out above, the motion at docket 38 is **GRANTED**

DATED at Anchorage, Alaska this 21st day of February, 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[7]Fed. R. Crim. P. 7(c).

Case 3:06-cr-00102-TMB   Document 65   Filed 02/21/07   Page 3 of 3