UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cr-102 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| HAL FREDERICK BURFORD, | ) | [Re:   Motions at dockets 21 & 33 ] |
| | ) | |
| Defendant. | ) | |

## I.  MOTIONS PRESENTED

At docket 21, defendant Hal Frederick Burford moved to suppress statements he made at the time of his arrest and subsequent booking.  At docket 23, he filed a motion to suppress the evidence obtained from the execution of a search warrant.  Both motions were fully briefed.  Magistrate Judge Roberts filed a report in which he recommended that the motion at docket 21 be granted in part and denied in part, and he recommended that the motion at docket 23 be denied.[1]  Burford filed timely objections.  The United States neither objected nor responded to Burford's objections.

## II.  STANDARD OF REVIEW

District courts may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[2]  When a district judge reviews a magistrate

---

[1]The initial report is at doc. 50.  A final report declining to make any change in the initial recommendation is at doc. 61.

[2]28 U.S.C. § 636(b)(1).

judge's recommendations, the district court conducts *de novo* review of all conclusions of law,[3] and any findings of fact to which objections have been made.[4]  Uncontested findings of fact are reviewed by the district court for clear error.[5]

## III.  DISCUSSION

Before preparing his report, the magistrate judge conducted an evidentiary hearing.[6]  A transcript of the hearing was prepared, and this court has reviewed it.[7]  Burford objects to some of the legal conclusions recommended by the magistrate judge, but has articulated no objection to any specific factual finding.  Upon review, this court finds no error in any of the factual findings and adopts them.

Burford's first objection is that statements he made at the scene of his arrest outside the premises at 2224 "D" Street concerning several rifles in a closet or in the bedroom of the premises he had just exited should be suppressed under applicable law.  His statements were made to the arresting officer while he was in custody and prior to any *Miranda* warning.  The statements were given in response to a question by the officer asking if there was anyone or anything in the apartment which would pose a danger to the officers.  It should be noted that when the question was asked there were other officers poised to enter the premises.  The magistrate judge relied on *New York v. Quarles*[8] which recognizes a public safety exception to the *Miranda* rule that he concluded applied in the circumstances of Burford's arrest.  Defendant takes the

---

[3]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[4]28 U.S.C. § 636(b)(1).

[5]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[6]Doc. 37.

[7]Doc. 45.

[8]467 U.S. 649 (1984).

-2-

position that it is error to rely on *Quarles*. Instead, he insists, the court must look to *Orozco v. Texas*[9] for guidance and suppress the statements.

Orozco was arrested in his bedroom at a boarding house and questioned there without a *Miranda* warning. One of the statements he made which the Court ruled should have been suppressed gave the location of a nearby firearm, a firearm which also happened to be the gun used to murder a man earlier in the evening. On its face, *Orozco* appears to support Burford's position, but this court finds the case inapposite. Writing in 1969, only three years after the decision in *Miranda*,[10] the *Orozco* majority and the dissenting justices alike focused on a single issue which was treated as the only distinction between the interrogation of Miranda and the interrogation of Orozco which might be of legal relevance. That issue was whether or not *Miranda* should apply to questioning which occurred in the familiar surroundings of a defendant's bedroom rather than in the strange and threatening environment of a police station house. The public safety exception was not discussed. Indeed, it was not recognized by the Court until years later when *Quarles* was decided in 1984. It was not error to rely on *Quarles* rather than *Orozco*.

Burford also asserts that the questions posed at the time of his arrest were investigatory, not directed at concerns for the safety of the officers and others who might be present. The argument is without merit. Inquiring about danger that might lurk in the premises about to be entered by the other officers was related to public safety. Indeed, an accomplice armed with one of the rifles would have posed a risk to the officers even while outside the premises.

The magistrate judge has recommended exclusion of Burford's response to questioning during the booking process about whether he lived alone on the basis that considered objectively Agent Rambo should have known that Burford's response to the question was reasonably likely to elicit an incriminating response.[11] In doing so, the

---

[9]394 U.S. 324 (1969).

[10]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[11]Doc. 50 at p. 16.

Case 3:06-cr-00102-TMB   Document 68   Filed 02/23/07   Page 3 of 5

magistrate judge followed the teaching of the Ninth Circuit in *United States v. Booth*.[12] There, the appellate court said: "We hold, therefore, that custodial questioning constitutes interrogation whenever, under all of the circumstances involved in a given case, the questions are 'reasonably likely to elicit an incriminating response from the suspect.'"[13] The United States has not objected to the exclusion of the responses about living alone. For his part, Burford contends that under *Booth* the magistrate judge should also have excluded his response to the question asking for his address. This court finds no principled basis upon which to distinguish between Burford's statement that he lived alone and his statement giving his address as the premises where the evidence was obtained. Both statements are inculpatory, for they both tie him to the evidence.[14] Following *Booth*, this court will also exclude Burford's answer to the question asking for his place of residence.

The last issue is whether there was probable cause for the search warrant. Burford's argument is that the facts disclosed to the judge who issued the warrant authorizing a search of the Fed-Ex package which contained the methamphetamine were insufficient to establish probable cause. There were many suspicious facts relating to the package, none of which alone amounted to probable cause, but which taken as a whole establish probable cause supporting issuance of the warrant. The facts and how they support the decision to issue the warrant were ably summarized by Mr. Bradley in his argument before the magistrate judge[15] and discussed at length in the report. The magistrate judge correctly applied the law to the facts; there was probable cause for the issuance of the warrant.

---

[12] 669 F.2d 1231 (9th Cir. 1981).

[13] 669 F.2d at 1237 quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

[14] At the time of the booking interrogation, it does not appear that it was known that Burford was a convicted felon. In fact, it was believed that his criminal record included only misdemeanors. Thus, it is only the connection to the drugs and not to the firearms which is pertinent to the a determination of whether it would have been objectively reasonable to assume an answer to the question would elicit an incriminating statement.

[15] Doc. 45 at pp. 92-96.

Case 3:06-cr-00102-TMB   Document 68   Filed 02/23/07   Page 4 of 5

## IV. CONCLUSION

For the reasons above:

1) The motion at docket 21 is **GRANTED** in part such that responses to questioning about whether Burford lived alone and what his residence address was may not be introduced by the United States during its case in chief (but might be admissible in rebuttal if Burford testifies), and **DENIED** in all other respects; and

2) The motion at docket 23 is **DENIED**.

DATED at Anchorage, Alaska, this 23rd day of February 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE