# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HAL FREDERICK BURFORD, <br><br> Defendant. | **ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** <br><br> Case No. 3:06-cr-00102-TMB |

## I. INTRODUCTION

Hal Frederick Burford moves pursuant to 28 U.S.C. § 2255 to vacate his sentence and remand for resentencing, alleging that the mandatory minimum sentence imposed was based on a fact not found by the jury and that the enhancement of his sentence under 21 U.S.C. § 851 was an unconstitutional delegation of authority.[1] The government opposes the motion on the grounds that the claims are time-barred and lack merit.[2] For the reasons that follow, the Court DENIES Burford's motion at Docket 139.

## II. BACKGROUND

*1. Investigation, Arrest, Search, and Seizure*

On November 22, 2006, members of the Drug Enforcement Agency (DEA) Alaska Interdiction group worked a FedEx sorting facility in Anchorage, Alaska to investigate the transportation of controlled substances via parcel services.[3] The group identified a package of

---

[1] Dkt. 139 at 4-5.

[2] Dkt. 151.

[3] Dkt. 1 at 2-5 (Affidavit of Matthew Heieren in Support of Criminal Complaint).

1

interest addressed to "H.F. Burford" at 2051 Bofrals (Borealis) Dr., Anchorage, AK 99503.[4] Task Force Officer Matthew Heieren petitioned for and was granted a search warrant for the package.[5] Heieren discovered approximately 11 pounds of a crystalline substance in the package that field tested positive for the presence of methamphetamine.[6] Heieren petitioned for and was granted authorization from the State of Alaska to place an electronic monitoring device in the package.[7] The monitoring device was placed in the package and most of the methamphetamine was substituted with rock salt; approximately one gram of the actual methamphetamine was also placed in the package and the contents were sprayed with theft detection powder.[8]

On November 24, 2006, an agent posing as a FedEx delivery driver delivered the package to Burford at 2051 Borealis Drive.[9] Burford placed the package in his vehicle and drove to an apartment complex at 2224 D Street; he then entered an apartment with the package in his hands.[10] Shortly thereafter, the electronic monitoring device in the package alerted the agents and officers that the box had been opened.[11] Burford left the apartment without the package and agents arrested him as he approached his vehicle.[12] Agents entered the apartment and discovered the package on a couch in the living room as well as numerous rifles, two safes, and a bundle of

---

[4] *Id.* at 4 ¶ 5.

[5] *Id.*

[6] *Id.* ¶ 6.

[7] *Id.* at 5 ¶ 7.

[8] *Id.* ¶ 8.

[9] *Id.*

[10] *Id.* at 6 ¶ 9.

[11] *Id.* at 7 ¶ 10.

[12] *Id.*

U.S. currency in the bedroom closet.[13]  Agents also discovered traces of theft detection powder on Burford's hands.[14]

> 2. *Trial, Sentencing, and Appeals*

On December 15, 2006, the government filed a four-count indictment against Burford: Count 1 charged attempted possession of methamphetamine with intent to distribute, Count 2 charged being a felon in possession of a firearm, and Counts 3 and 4 dealt with forfeiture.[15]  The government later filed a notice of intent to seek enhanced statutory penalties pursuant to 21 U.S.C. § 851 based on Burford's prior felony conviction in 1986 for misconduct involving a controlled substance in the fourth degree.[16]

Counts 1 and 3 were severed for trial; Burford pleaded not guilty to Count 1, the distribution count, and was tried before a jury.[17]  At trial, forensic chemist Kevin Chan testified as to the weight of the various drugs seized from the apartment and to tests that positively identified the presence of methamphetamine and other narcotics.[18]  On March 30, 2007, a jury found Burford guilty of Count 1.[19]  The jury was then instructed to enter a special verdict on the related forfeiture count, Count 3; it found that $144,000 in currency seized from the apartment was subject the forfeiture.[20]  After a bench trial for Counts 2 and 4, the court found Burford

---

[13] *Id.* ¶ 11.

[14] *Id.* ¶ 12.

[15] Dkt. 142 at 4.

[16] Dkt. 43.

[17] Dkt. 142 at 5.

[18] *Id*.

[19] Dkt. 81.

[20] Dkt. 142 at 7.

3

guilty of being a felon in possession of firearms and that the firearms were subject to forfeiture.[21] Based on an offense level of 36 and a criminal history category of II, Burford's guideline imprisonment range was 210 to 262 months.[22] On July 2, 2007, the Court imposed a sentence of 240 months for the drug charge and 120 months for the firearms count, to be served concurrently.[23]

Burford appealed and the Ninth Circuit Court of Appeals affirmed his conviction.[24] On January 16, 2009, Burford filed a petition for certiorari; the United States Supreme Court denied the petition.[25] Burford filed this § 2255 petition on June 16, 2014, claiming: (1) that the mandatory minimum sentence imposed was based on a fact not found by the jury in violation of the Supreme Court's holding in *Alleyne v. United States*,[26] and (2) that the enhancement of his sentence under 21 U.S.C. § 851 was an unconstitutional delegation of authority.[27]

### III. DISCUSSION

The government asserts that the Court need not address the merits of Burford's claims because they are time-barred.[28] Petitions brought under § 2255 are subject to a one-year statute of limitations that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[21] Dkt. 94.

[22] Dkt. 97-4 at 15 ¶ 105.

[23] Dkt. 104.

[24] Dkt. 139 at 2 ¶ 9.

[25] Dkt. 151 at 1.

[26] 133 S.Ct. 2152 (2013).

[27] Dkt. 139 at 4-5.

[28] Dkt. 151 at 1.

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date in which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[29]

Burford's judgment of conviction became final in January 2009, but he contends that his claims are timely based on subsections (3) and (4), respectively.

### A. Burford's First Claim is Untimely Under § 2255(f)(3) Because the *Alleyne* Rule Does Not Apply Retroactively

Burford argues that his first claim is not time-barred because it was brought within one year of the decision in *Alleyne v. United States* where the Supreme Court recognized the requirement that any "element" of an offense that increases a defendant's mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt.[30] Since Burford's mandatory minimum sentence was based in part on the quantity of the drugs involved in his offense, a fact not submitted to the jury, he argues that the *Alleyne* decision opened the door for him to bring the first claim.

Although *Alleyne* established a new rule or right within the meaning of § 2255(f)(3), the right asserted must also be "made retroactively applicable to cases on collateral review."[31] Recently, the Ninth Circuit explicitly rejected the contention that the *Alleyne* decision would apply retroactively on collateral review.[32] In *Hughes*, the Ninth Circuit explained that the

---

[29] 28 U.S.C. 2255(f).

[30] 133 S.Ct. 2152, 2155 (2013). The Supreme Court decided *Alleyne* on June 17, 2013 and Burford filed the present motion on June 16, 2014.

[31] 28 U.S.C. § 2255(f)(3).

[32] *Hughes v. United States*, 770 F.3d 814 (9th Cir. 2014).

5

Supreme Court neither expressly nor through a combination of holdings in other cases made the rule in *Alleyne* apply retroactively.[33] Since *Alleyne* does not apply retroactively, § 2255(f)(3) does not apply and Burford's first claim is untimely.

### B. Burford's Second Claim Fails Because § 2255(f)(4) Does Not Apply, and even if it did, the Prosecutor's Application of the § 851 Sentencing Enhancement Was Not an Unconstitutional Delegation of Authority

Burford contends that his second claim is not time-barred because it was brought within one year of the issuance of a memorandum by Attorney General Eric Holder that lists several factors for prosecutors to consider when deciding whether to apply a § 851 enhancement.[34] The memorandum's overall purpose was to highlight the need to exercise prosecutorial discretion in charging defendants and "refine [the department's] charging policy regarding mandatory minimums for certain nonviolent, low-level offenders."[35]

In *United States v. Mistretta*, the Supreme Court emphasized that Congress's delegation of authority to another branch of government is permissible when there are "intelligible principle[s] to which the person or body authorized [] is directed to conform."[36] The court explained that the delegation is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated

---

[33] *Id.* at 817-19.

[34] Dkt. 139 at 5-6. It is the Court's understanding that Burford seeks to avail himself of § 2255(f)(4) to establish the timeliness of his second claim based on his statement that the reason he failed to raise the issue on direct appeal was because "[t]he new evidence of Attorney General Holder's memo was not available until August 12, 2013." *Id.* at 6.

[35] Dkt. 142-1 (Memorandum from Attorney General Eric Holder to the United States Attorneys and Assistant Attorney General for the Criminal Division, Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (August 12, 2013)).

[36] 488 U.S. 361, 372 (1989) (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)).

6

authority."[37]  Burford contends that prosecutors in this case lacked "intelligible principles" by which to exercise their sentencing discretion under § 851 and that "decisions to apply or waive § 851 enhancements were made in the absence of any national policy" prior to Attorney General Holder's 2013 memorandum.[38]  Thus, Burford argues that the prosecutor's application of the sentencing enhancement in his case was an unconstitutional delegation of authority.[39]

Under § 2255(f)(4), the one-year statute of limitations may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  The Court is not persuaded that Attorney General Holder's Memorandum constitutes a "fact" contemplated by the statute.  While the Supreme Court has found that § 2255(f)(4) can cover newly discovered "facts" that are not case-specific such as the vacatur of a sentence[40] or a change in a criminal statute that altered the qualifications for a sentencing enhancement to apply,[41] a memorandum highlighting sentencing disparities and identifying factors for prosecutors to consider in sentencing a criminal defendant does not directly impact Burford's case in the same manner.[42]

---

[37] *Id.* (quoting *American Power & Light Co. v. SEC*, 329 U.S. 90, 105 (1946)).

[38] Dkt. 139 at 5.

[39] Dkt. 142 at 13.

[40] *Johnson v. United States*, 544 U.S. 295, 310 (2005).

[41] *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011); *see also United States v. Antwine*, 2012 WL 6013207 (D. Alaska August 31, 2012) (where sentencing court used defendant's prior conviction of burglary as a "violent crime" to qualify him as a career offender subject to a sentencing enhancement, and the circuit court later held that burglary did not qualify as a "violent crime," defendant's habeas petition could be filed within one year of the date wherein the circuit court recognized that fact)

[42] *See, e.g., United States v. Cazarez-Santos*, 2014 WL 6906742, *3 (S.D. Cal. Dec. 8, 2014) (defendant's habeas claim was untimely because his final removal order did not amount to a new "fact" underlying or giving rise to his claim).

Even if the Court construes § 2255(f)(4) to encompass Attorney General Holder's Memorandum, however, Burford's second claim is still time-barred. § 2255(f)(4) applies when the facts supporting the claim could not have been discovered through due diligence.[43] "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances."[44] Burford does not allege any facts that suggest the purported absence of "intelligible principles" could not have been discovered before Attorney General Holder's memorandum or make any showing that he acted with due diligence in seeking to learn whether prosecutors had sufficient guidance for applying a § 851 enhancement. If intelligible principles were indeed lacking when Burford was sentenced, that fact would have been discoverable through due diligence at the time, and nothing prevented Burford from filing his petition based on that fact in 2009.

Moreover, contrary to Burford's claim, the Ninth Circuit in *United States v. Jensen* rejected the argument that § 851 is an unconstitutional delegation of authority.[45] The court was persuaded by the reasoning in cases from the Sixth and Eleventh Circuits that "Congress had provided altogether intelligible principles to render the delegation constitutional."[46] Although Attorney General Holder's memorandum was not available at the time *Jensen* was decided, nothing about the memorandum alters the basis of the Ninth Circuit's conclusion: that sufficient intelligible principles were in place to render the delegation of sentencing authority under § 851 constitutional.

---

[43] *United States v. Ndiagu*, 591 Fed.Appx. 632, 634 (9th Cir. 2015).

[44] *Id.* (quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012)).

[45] 425 F.3d 698, 707 (9th Cir. 2005).

[46] *Id.* (quoting *United States v. Cespedes*, 151 F.3d 1329, 1331 n. 1 (11th Cir. 1998)).

Attorney General Holder's memorandum elucidated certain disparities in the application of mandatory minimum sentences and sentencing enhancements and provided further guidance for prosecutors when determining whether to apply an § 851 enhancement. The memorandum does not, however, indicate that intelligible principles were completely lacking or that the delegation of sentencing authority was up until that point unconstitutional. The fact that Attorney General Holder chose to issue a memorandum to "refine" that policy does not make the delegation of authority unconstitutional and thus Burford's second claim must fail.

## IV. CONCLUSION

The Court has reviewed the parties' briefing on Burford's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and finds Burford's claims time-barred and lacking in merit. The Court therefore **DENIES** Burford's § 2255 motion at **Docket 139**. The Court also **STRIKES** Plaintiff's supplemental authority at **Docket 154** because Plaintiff failed to seek leave of the Court before filing it in violation of Local Rule 7.1.

Finally, under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."[47] Because the Court concludes that Burford is unable to make the required showing, the Court

---

[47] *See also* Fed. R. Governing § 2255 Proceedings, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

declines to issue a Certificate of Appealability. Any future request for a Certificate of Appealability must be addressed to the Court of Appeals.[48]

Dated at Anchorage, Alaska, this 5th day of May, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[48] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first.").